# UNITED STATES DISTRICT COURT
### for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Goldie Taylor<br>    *Plaintiff*<br><br>v.<br><br>Convergent Outsourcing, Inc.<br>    *Defendant*<br>Serve:<br>    C T Corporation System<br>    306 W Main Street<br>    Suite 512<br>    Frankfort, KY 40601<br><br>Palisades Collection, LLC<br>    *Defendant*<br>Serve:<br>    C T Corporation System<br>    306 W Main St<br>    Suite 512<br>    Frankfort, KY 40601 | Case No. 3:14-CV-846-H |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. Defendant Convergent Outsourcing, Inc. ("Convergent") sent Plaintiff Goldie Taylor a dunning letter on behalf of Defendant Palisades Collection, LLC ("Palisades"). The dunning letter was an attempt to collect a charged-off debt originated by AT&T. To the best of Mr. Taylor's records and recollection, he never defaulted on a debt or obligation to AT&T. Further, any relationship that Mr. Taylor had with AT&T in the past was so long ago that if such a debt did exist, the applicable statute of limitations would clearly and plainly bar collection of the debt. Convergent's dunning letter failed to advise Mr. Taylor that the AT&T debt was well past the applicable statute of limitations and that neither Convergent nor Palisades would bring suit to collect the AT&T debt from him. These and other acts by Defendants constitute violations of the FDCPA.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4. Plaintiff Goldie Taylor is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Jefferson County, Kentucky.

5. Defendant Convergent Outsourcing, Inc. ("Convergent") is a foreign corporation, which is registered with the Kentucky Secretary of State. Convergent's principal place of business is located at 800 SW 39th Street, Renton, WA 98055.

6. Convergent regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

7. Defendant Palisades Collection, LLC is a foreign limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing or otherwise acquiring debt from creditors and collecting these debts from citizens of this commonwealth. Palisade's principal place of business is located at 210 Sylvan Ave., Englewood Cliffs, NJ 07632 Palisades frequently purchases or acquires charged off credit-card debt, paying 4% to 5% of the face value of the debt at the date of sale.[1]

8. Palisades Collection, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## BACKGROUND

9. Mr. Taylor is and was at all times mentioned herein a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. On October 10, 2014, Convergent sent Mr. Taylor a dunning letter on behalf of Palisades.

11. Convergent's dunning letter was an attempt to collect a charged-off telecommunications debt originated by AT&T Wireless.

12. To the best of Mr. Taylor's records and recollection he does not have a defaulted account, debt, or obligation to AT&T Wireless.

13. Mr. Taylor may have once had an account with AT&T Wireless, but any such account was closed well over six years before Convergent's October 10th dunning letter.

---

[1] Fair Trade Commission, *The Structure and Practices of the Debt Buying Industry* at 22, http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf (January 2013).

14. Convergent's dunning letter upset and troubled Mr. Taylor because for many years he has been working toward paying off his debts and improving his credit rating.

15. Upon information and belief, AT&T Wireless is part of AT&T Mobility, LLC, which is a Georgia based limited liability company.

16. Upon information and belief, AT&T Wireless's telecommunication agreement is subject to Kentucky's five year statute of limitations or Georgia's four or six-year statute of limitations.

17. Upon information and belief, Palisades' cause of action on the AT&T Wireless debt referenced in the October 10th dunning letter is well past any applicable statute of limitations.

18. Convergent's October 10th dunning letter failed to advise Mr. Taylor of the statute-of-limitations bar and further failed to advise him that, because of the statute-of-limitations bar, neither Convergent nor Palisades would bring suit against Mr. Taylor to collect the AT&T Wireless debt.

19. Attempts to collect a debt from a consumer that the consumer does not owe violate multiple sections of the FDCPA.

20. Failing to advise a consumer that a debt is past the applicable statute of limitations and that the debt collector will not sue the consumer to collect the debt violates multiple sections of the FDCPA.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

21. Plaintiff incorporates paragraphs 1-20 above as if fully set forth herein.

22. The foregoing acts and omissions of Convergent Outsourcing, Inc. and Palisades Collection, Inc. constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692c, § 1692e, § 1692f, and multiple subsections of each statute.

WHEREFORE, Plaintiff requests that the Court grant the following relief in his favor and against Defendants Convergent Outsourcing Inc. and Palisades Collection, LLC:

1. The maximum amount of statutory damages as provided by 15 U.S.C. §1692k;

2. Attorney's fees, litigation expenses and costs;

3. A trial by jury; and

4. Such other and further relief as is appropriate.

>
> Respectfully submitted,
>
> /s/ James H. Lawson
> James H. Lawson
> *Lawson at Law, PLLC*
> 115 S. Sherrin Avenue
> Unit #4
> Louisville, KY 40207
> Tel:   (502) 473-6525
> Fax:   (502) 473-6561
> james@kyconsumerlaw.com